FILED IN OPEN COURT
ON 3/18/25 BRH
Peter A. Moore, Jr., Clerk
US District Court
Eastern District of NC

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:25-CR-63-BO-RN

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | INDICTMENT |
| ) | |
| KENNETH MARK ROSADO ) | |

The Grand Jury charges that:

Beginning on a date unknown to the Grand Jury, but no later than in or about January 2025, and continuing up to and including on or about January 23, 2025, in the Eastern District of North Carolina, and elsewhere, the defendant, KENNETH MARK ROSADO, did knowingly and intentionally combine, conspire, confederate, agree and have a tacit understanding with other persons, known and unknown to the Grand Jury, to knowingly and intentionally distribute and possess with the intent to distribute a quantity of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

All in violation of Title 21, United States Code, Section 846.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

## FORFEITURE NOTICE

Notice is hereby given that all right, title and interest in the property described herein is subject to forfeiture.

Upon conviction of any felony violation of the Controlled Substances Act charged herein, the defendant shall forfeit to the United States, pursuant to 21 U.S.C. § 853(a), any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the said offense, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the said offense.

Upon conviction of any violation of the Gun Control Act, the National Firearms Act, or any other offense charged herein that involved or was perpetrated in whole or in part by the use of firearms or ammunition, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and/or 26 U.S.C. § 5872, as made applicable by 28 U.S.C. § 2461(c), any and all firearms and ammunition that were involved in or used in a knowing or willful commission of the offense, or that were intended to be used in any offense identified in 18 U.S.C. § 924(d)(3), or, pursuant to 18 U.S.C. § 3665, that were found in the possession or under the immediate control of the defendant at the time of arrest.

If any of the above-described forfeitable property, as a result of any act or omission of a defendant: cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty; it is the

intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property described above.

**REDACTED VERSION**
Pursuant to the E-Government Act and the federal rules, the unredacted version of this document has been filed under seal.

DATE: 3-18-2025

DANIEL P. BUBAR
Acting United States Attorney

BY: /s/
ARIA Q. MERLE
Special Assistant United States Attorney
Criminal Division